IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 17 2003

LEON JACKSON,

Plaintiff,

v.

No. CIV-03-0797 MCA/DJS

ROBERT RAMERIZ, Parole/Probation Officer,
and PAROLE AND PROBATION DIVISION,

Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts claims for denial of procedural due process and equal protection during state parole and probation revocation proceedings. Before the events complained of, Plaintiff had been released from incarceration and was under "dual supervision" of both parole and probation. (Complaint Ex. "B1"); *see* N.M. Stat. Ann. § 31-20-5(B)(1) (Michie Repl. Pamp. 2000) (probation conditions added to parole conditions). He alleges that on January 31, 2003, he turned himself in at the local detention center on a "Parole/Probation Violation Detainer," although according to Exhibit "B1" he was arrested on January 30, 2003. He has remained incarcerated since his arrest/surrender. Plaintiff attended a preliminary hearing before the Parole Hearing Board on February 27, 2003. He alleges that Defendant Ramcriz ("Defendant") falsely stated at the hearing that a "Probation Violation Report" had been submitted to the court. A summary of the hearing, (Ex. "B1"), indicates that the parole hearing officer found probable cause to believe Plaintiff had violated certain conditions of his parole.

On March 18, 2003, a probation violation report was filed in the district court. A no-bond bench warrant was issued for Plaintiff's arrest, allegedly as a result of Defendant's failure to notify the court of Plaintiff's custodial status. On March 21, the state filed a motion to revoke his probation. Then, after a parole revocation hearing on March 26, Plaintiff's caseworker told him his parole had been reinstated and he was about to be released. On March 28, before being released, he was told his parole had been revoked as a result of the probation violation report and the motion to revoke. On May 29, 2003, the court set a "Probation Arraignment hearing," but no revocation hearing had been held by the time Plaintiff filed his complaint. Plaintiff claims Defendant's false statements caused both the delay of a hearing and his "incarcerat[ion] . . . since 1/31/03 without

2

cause or hearing, which borders on false imprisonment." The complaint seeks damages and disciplinary actions against Defendant.

Plaintiff's allegations do not support a due process claim. First, Plaintiff alleges that Defendant misrepresented the status of probation proceedings to the parole hearing officer. The statute, however, does not require a "Probation Violation Report" as a condition of parole revocation. § 31-21-14. Furthermore, although the parole hearing officer's summary (Ex. "B2") refers to Defendant's statement regarding a probation report, her conclusions are based on evidence that Plaintiff violated conditions of his parole.

Second, the alleged delay in holding a probation revocation hearing did not violate Plaintiff's due process rights. He was detained at the time of his arrest and remained incarcerated following the preliminary parole hearing on February 26. The probation bench warrant was issued on March 18, and Plaintiff filed his complaint approximately 2½ months later on July 7. This delay in revocation proceedings does not offend the Due Process Clause. As noted in *State v. Sanchez*, 612 P.2d 1332, 1334 (N.M. Ct. App. 1980), applicable Supreme Court precedent has not "extended the constitutional guarantee of a speedy trial to defendants in revocation hearings. The issue before us is not one of speedy trial, but due process." In *Sanchez*, the court rejected an earlier ruling that a seven-month delay between arrest and revocation amounted to a due process violation. *Id.* at 1335; *State v. Chavez*, 607 P.2d 640, 643 (N.M. Ct. App. 1979) (Hernandez, J., dissenting). Furthermore, because Plaintiff had been properly detained for parole violations, no liberty interest was implicated by the pendency of probation revocation proceedings. *See Sanchez*, 612 P.2d at 1335 (no due process violation for delay unless probationer prejudiced thereby); *and see Lewis v. Casey*, 518 U.S. 343, 351 (1996) (§ 1983 plaintiff must allege "relevant actual injury"). Even assuming for purposes

3

of this opinion that Defendant's statements were false and caused the delay, his actions did not violate Plaintiff's due process rights.

Finally, Plaintiff's allegations do not support an equal protection claim. He makes no allegation of disparate treatment--a basic element of an equal protection claim, *see, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991)--or treatment originating in impermissible class discrimination. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE